UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
TELERIK AD,                              )
                                         )
        Plaintiff,                       )
                                         )
        v.                               )        Civil Action No. 15-11673
                                         )
TICKET PLATFORM, INC. a/k/a              )
TICKET PLATFORM, LLC,                    )
                                         )
        Defendant.                       )
_____

## COMPLAINT

Plaintiff, Telerik AD, brings this action against Defendant, Ticket Platform, Inc., a/k/a Ticket Platform, LLC, seeking injunctive relief and damages suffered in connection with Defendant's copyright infringement and breach of contract.

## PARTIES

1. Telerik AD (d/b/a Telerik Corporation) ("Telerik") is a Bulgarian corporation with its principal place of business at 33 Alexander Malinov Blvd., Sofia 1729, Bulgaria. Telerik provides its software in the United States through a wholly-owned subsidiary with a principal place of business at 201 Jones Road, Waltham, Massachusetts.

2. Ticket Platform, Inc. is a California corporation with a principal place of business at 24007 Ventura Blvd. Suite #265, Calabasas, CA 91302. Ticket Platform, LLC was a limited liability company organized under the State of California and has a principal place of business at

24007 Ventura Blvd. Suite #265, Calabasas, CA 91302.  Ticket Platform, Inc. and Ticket Platform, LLC are referred to herein collectively as "Ticket Platform."

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and the Copyright Act, 17 U.S.C. § 101 et seq.

4. This Court has personal jurisdiction over Ticket Platform because Ticket Platform solicits and transacts business in this district, including through its download and use of Telerik's Sitefinity software and its related license agreement with Telerik.  Ticket Platform agreed to and is bound by the Telerik Sitefinity 3.7 End User License Agreement ("EULA"), which is attached hereto as Exhibit A and incorporated herein by reference.  Paragraph 9 of the EULA states that it is expressly governed by Massachusetts law.  *See* Exhibit A (EULA), ¶ 9.  In or about 2012, Ticket Platform entered into discussions with Bill Brennan, a Telerik employee in Massachusetts, concerning purchasing licenses for a newer version of the Sitefinity software.  Ticket Platform ultimately declined to purchase licenses.

5. This Court also has personal jurisdiction over Ticket Platform because it actively targets residents of Massachusetts through websites it hosts and/or creates that infringe upon Telerik's copyright-protected software.  For example, when a Massachusetts customer visits www.TicketZoom.com (a domain with a similar IP range as www.TicketPlatform.com that uses Telerik's Sitefinity software), the website directs the customer exclusively to tickets for concerts and sporting events in the Boston and Cambridge areas.  *See* Exhibit B (screenshots of www.TicketZoom.com).  Domains created by Ticket Platform using Telerik's copyright-protected software, including www.aceticketservice.com, www.frontrowtickets.com,

www.stubline.com, www.stubshow.com, and www.ticketsrus.com, similarly target Massachusetts residents. Finally, on its own website, Ticket Platform displays a sample site demonstrating how it can create websites specifically targeted to sell tickets for events in Massachusetts. *See* Exhibit C (screenshots of http://pxsdemo.ticketplatform.com/MA-results.aspx).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 1400(a), in that a substantial part of the events giving rise to this Complaint occurred in this district and because Ticket Platform is a corporation subject to personal jurisdiction in this district.

## FACTUAL BACKGROUND

### Sitefinity 3.7

7. Telerik is a leading software development company offering tools for web, mobile and desktop application development. Telerik offers a content management system ("CMS") called Sitefinity, and provides a broad portfolio of solutions for application development. The Sitefinity CMS is an application to edit, publish, and manage content stored on web pages.

8. Since its initial release in 2005, the Sitefinity application has received recognition and acclaim in the CMS industry, most recently receiving the American Business Award in 2013 for "Best New Product or Service" in the Content Management Solution category, the KMWorld 2013 award for "2013 Trend-Setting Product", and the 2013 International Business Award for "Best New Product or Service of the Year" in the software category.

9. Sitefinity version 3.7 (hereinafter, "Sitefinity 3.7") was introduced in 2009 as "Telerik Sitefinity CMS", and allowed its users to edit and publish websites from a central interface. The Community Edition of Sitefinity 3.7 (hereafter, the "Community Edition"), which

is no longer available, was a courtesy edition of Sitefinity version 3.7 intended to promote brand awareness for Sitefinity.  The Community Edition was published on September 20, 2010.  The Community Edition's functionality was essentially identical to the Standard Edition of Sitefinity 3.7, but was offered with a limited license because it was free.  The Community Edition License allowed for only one top level domain (i.e., one website to be created from Sitefinity), and required the Sitefinity logo to be displayed on all website pages.  Ex. A (EULA), ¶ 1(c).

10. In or around 2010, Ticket Platform downloaded the Community Edition.

11. When Ticket Platform downloaded the Community Edition, it accepted, agreed to, and became bound by the EULA.

### Ticket Platform's Wrongful Conduct

12. Unbeknownst to Telerik and in flagrant breach of the EULA, Ticket Platform used the Community Edition to create and host numerous top-level website domains for its customers, and to create its own CMS program, PXS Lightswitch ("Lightswitch").  Ticket Platform advertises the Lightswitch module on its website as a system for ticket brokers and sellers to manage and develop ticketing websites.

13. Ticket Platform sells Lightswitch to its customers to allow its customers to build and manage their own ticket selling top-level website domains.  Ticket sellers have the option either to build a fully customized website, or to start with one of seven website templates offered by Ticket Platform.  All of these websites are built using Ticket Platform's Lightswitch CMS, which is based upon and operates in conjunction with the Community Edition.  These websites are hosted on Ticket Platform servers.  Each one of these newly created websites represents a top level domain ticketing platform.

14. Upon information and belief, Ticket Platform has earned, and continues to earn, substantial revenues from its unlicensed use and resale of its Sitefinity-based website platforms.

15. Section 1(c) of the EULA expressly prohibits using the Community Edition for more than one top level domain name or server name.  Ex. A (EULA) ¶ 1(c).

16. Section 1(c) of the EULA requires the "Powered by Sitefinity" logo to be displayed on all website pages using the Community Edition.  *Id.* ¶ 1(c).

17. Section 2(a) of the EULA expressly prohibits using Sitefinity 3.7 or any of its comprising elements as a basis for the creation of another software product. *Id.* ¶ 2(a).

18. Section 2(g) of the EULA prohibits independent software vendors from using Sitefinity 3.7 without Telerik's express permission.  *Id.* ¶ 2(g).

19. Ticket Platform has copied and widely resold the Community Edition in violation of U.S. copyright laws and Section 1(c) of the EULA by creating and hosting multiple top-level domain ticketing platforms built with the Community Edition.  Ticket Platform has violated Section 1(c) of the EULA by failing to display the "Powered by Sitefinity" logo on the pages of the websites built with the Community Edition.  Ticket Platform has also violated Section 2(a) of the EULA by creating its own software product, Lightswitch, using the Community Edition. Ticket Platform has also violated Section 2(g) of the EULA because it is acting as an independent software vendor, is allowing its customers to act as independent software vendors, and is using the Community Edition without the express permission of Telerik.

20. On September 19, 2014, Telerik notified Ticket Platform of its infringement and unlicensed conduct and demanded in writing that Ticket Platform cease issuing new website domains created using the Community Edition and pay an appropriate licensing fee for all website domains.  A copy of Telerik's written demand letter is attached here to as Exhibit D.

21. Ticket Platform ignored Telerik's demand letter.

22. In willful disregard of the copyright laws and Telerik's written demand, Ticket Platform has continued to create, host, and sell ticketing platforms built using the Community Edition. Upon information and belief, Telerik is aware of at least 121 websites that Ticket Platform has created and/or hosts that use ticket selling platforms built using the Community Edition.

23. Ticket Platform also continues to market and sell Lightswitch, including on its website.

24. Telerik has spent substantial time and funds upgrading the Sitefinity software since the release of Sitefinity version 3.7. On March 17, 2015, Telerik released Sitefinity version 8.0. By continuing to use and build domains with an earlier version of Telerik's Sitefinity software, Ticket Platform is harming Telerik's position and reputation in the marketplace.

## COUNT I
### (Copyright Infringement in Violation of 17 U.S.C. § 101 et seq.)

25. Telerik hereby incorporates by reference the allegations of paragraphs 1-24 above as if fully set forth herein.

26. Telerik is the sole owner of all right, title, and interest in the Community Edition of Sitefinity 3.7 and its corresponding copyright.

27. Telerik has complied fully with the Copyright Act, 17 U.S.C. § 101 et seq. and has registered the copyright for the Community Edition. A copy of the registration is attached hereto as Exhibit E.

28. Ticket Platform has unlawfully reproduced, adapted, and distributed copyrighted material from Sitefinity 3.7 in a manner unauthorized by the EULA.

29. Ticket Platform's infringing activities are continuing and intentional, in disregard of Telerik's rights. If Ticket Platform's actions continue, Telerik will suffer irreparable harm.

30. Telerik is entitled to recover damages and profits pursuant to 17 U.S.C. § 504(b) in amounts to be determined at trial.

## COUNT II
### (Breach of Contract)

31. Telerik hereby incorporates by reference the allegations of paragraphs 1-30 above as if fully set forth herein.

32. Ticket Platform committed a breach of the EULA through the acts described above, including but not limited to: (a) creating and hosting multiple top-level domain ticketing platforms built with the Community Edition in violation of Section 1(c) of the EULA; (b) creating its own Lightswitch CMS product using the Community Edition, in violation of Section 2(a); and (c) acting as an independent software vendor and using the Community Edition without Telerik's express permission in violation of Section 2(g).

33. As a result of Ticket Platform's breaches, Telerik has suffered, and will continue to suffer irreparable harm as well as monetary damages.

## PRAYERS FOR RELIEF

WHEREFORE, plaintiff Telerik prays for relief as follows:

1. That the Court enter judgment against Ticket Platform;
2. That the Court issue preliminary and permanent injunctions against Ticket Platform, on all claims, including without limitation:
   a. preliminarily and permanently enjoining Ticket Platform, Inc. a/k/a Ticket Platform, LLC, and all those in active concert with them, from reproducing,

       copying, using, selling, distributing, providing access to, or transferring the Community Edition or assisting or allowing others to do so, and further requiring Ticket Platform, Inc. a/k/a Ticket Platform, LLC and all those in active concert with them to permanently destroy all versions of the Community Edition within their possession, custody, or control and certify under oath that such destruction has been completed; and

    b.    preliminarily and permanently enjoining Ticket Platform, Inc. a/k/a Ticket Platform, LLC, and all those in active concert with them, from reproducing, copying, using, selling, distributing, providing access to, or transferring all versions of Lightswitch and other any software or product incorporating the Community Edition or assisting or allowing others to do so, and further requiring Ticket Platform, Inc. a/k/a Ticket Platform, LLC and all those in active concert with them to permanently destroy all versions of Lightswitch within their possession, custody or control and other any software or product incorporating all or part of the Community Edition within their possession, custody, or control and certify under oath that such destruction has been completed.

3.    That the Court award Telerik its actual damages, statutory damages, lost profits, and punitive damages as appropriate, in amounts to be determined at trial;

4.    That the Court award Telerik its attorneys' fees and costs; and

5.    That the Court grant such other and further relief as is just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff Telerik hereby demands a trial by jury on all issues and claims so triable.

                                    Respectfully submitted,
                                    TELERIK AD,
                                    By its attorneys,

                                    /s/ James E. Kruzer
                                  James E. O'Connell, Jr. (BBO# 376475)
                                  joconnell@pbl.com
                                  Jennifer A. Yelen (BBO# 565205)
                                  jyelen@pbl.com
                                  James E. Kruzer (BBO# 670827)
                                  jkruzer@pbl.com
                                  Posternak Blankstein & Lund LLP
                                  Prudential Tower
                                  800 Boylston Street
                                  Boston, MA  02199
                                  (617) 973-6100

Dated:  April 22, 2015